# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                          SUPERIOR COURT
                                                      CIVIL ACTION # SUCV 2014-01548-C

DAVID HARGROVE, )
    Plaintiff )
 )
v. )
 )
CROWN EQUIPMENT CORPORATION, )
and TOMAR ELECTRONICS, INC., )
    Defendants )

## COMPLAINT WITH JURY CLAIM

1. The plaintiff, DAVID HARGROVE ("the plaintiff") is an individual who resides at 73 Neponset Avenue, Dorchester, City of Boston, County of Suffolk, Commonwealth of Massachusetts.

2. The defendant, CROWN EQUIPMENT CORPORATION (hereafter, Crown), is, upon information and belief, a foreign corporation with a principal place of business located at 44 South Washington Street, New Bremen, Ohio. Crown is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws, Chapter 223A. Furthermore, Crown maintains a registered office in the Commonwealth at 155 Federal Street, Suite 700, Boston, County of Suffolk, and its registered agent at said registered office is CT Corporation Systems.

3. The defendant, TOMAR ELECTRONICS, INC. (hereafter, Tomar), is, upon information and belief, a foreign corporation with a principal place of business

located at 2100 West Obispo Ave, Gilbert, AZ 85233. Tomar is subject to this Court's jurisdiction, both under the common law and the provisions of Massachusetts General Laws, Chapter 223A. In filings with the State of Arizona, Tomar has named as its registered agent Mr. Douglas K. Cook, 40 N. Center #130, Mesa, AZ 85201.

4. On or about May 26, 2011, Crown was the designer, manufacturer, tester, supplier, seller, and/or distributor of the Crown RR 5200 Reach Truck ("Reach Truck"). Prior to May 26, 2011, Crown had distributed, supplied and/or sold the Reach Truck in Massachusetts.

5. On or about May 26, 2011, Tomar was the designer, manufacturer, tester, supplier, seller, and/or distributor of a strobe-light warning device which could be mounted on the Crown RR 5200 Reach Truck, to wit, the Micro IV Low Profile Single Flash Strobe ("Strobe").

6. On or about May 26, 2011, the plaintiff, was working for his employer, Carra Donna, at its facility in Braintree, Norfolk County, Massachusetts, as an order picker. While walking through Carra Donna's warehouse, Mr. Hargrove was struck by a Reach Truck manufactured by Crown. The Crown Reach Truck was equipped with a Tomar Strobe. Mr. Hargrove was injured while he was in the performance of his duties and while acting with all due care for his safety and the safety of others. The plaintiff sustained severe and permanent injuries when the Reach Truck knocked him down, crushing his right leg, resulting in the amputation of the leg below the knee.

7. The plaintiff's claims against the defendant, Crown, arise from Crown's:

    a. transacting business in the Commonwealth of Massachusetts;

    b. contracting to supply services or things in the Commonwealth of Massachusetts;

    c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

8. The plaintiff's claims against the defendant, Tomar, arise from Tomar's:

    a. transacting business in the Commonwealth of Massachusetts;

    b. contracting to supply services or things in the Commonwealth of Massachusetts;

    c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## COUNT I (Negligence vs. Crown)

9. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 8 and incorporates each as if fully set forth herein.

10. This count is for negligence and is brought by the plaintiff against Crown. Crown was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and sale of the Reach Truck, and was negligent in its failure to equip the reach truck with a properly designed and functioning Strobe, and in its failure to warn the plaintiff and others of the dangers of working with or around the Reach Truck. Crown failed to equip the Reach Truck with adequate safeguards, warnings and/or instructions.

11. As the direct and proximate result of Crown's negligence, the plaintiff sustained severe and permanent physical injury, including the amputation of his right leg below the knee, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

    WHEREFORE, the plaintiff, DAVID HARGROVE, demands judgment against CROWN, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT II (Breach of Implied Warranty vs. Crown)

12. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 11, and incorporates each as if fully set forth herein.

13. This Count is for Breach of Implied Warranty and is brought by the plaintiff against Crown.

14. Crown impliedly warranted to the plaintiff that the Reach Truck was merchantable, safe, and fit for ordinary purposes. Crown is a merchant with respect to goods and materials of the kind involved in the accident. The Reach Truck unit, the warning devices with which it was equipped, and the warnings and instructions, if any, which accompanied it were defective, and therefore the product was not, in fact, merchantable, safe, and fit as warranted by Crown. Therefore, Crown has breached these warranties to the plaintiff.

15. As the direct and proximate result of Crown's breaches of the implied warranties which accompanied the Reach Truck, the plaintiff sustained severe and permanent physical injury, including the amputation of his right leg below the knee, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, and lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, DAVID HARGROVE, demands judgment against CROWN in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT III (Breach of Express Warranties vs. Crown)

16. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 15 and incorporates each as if fully set forth herein.

17. The Reach Truck, which was designed, manufactured, tested, and distributed by Crown, came with express warranties.

18. Crown breached the express warranties which accompanied the Reach Truck.

19. As a direct and proximate result of Crown's breach of the express warranties which came with the Reach Truck, the plaintiff sustained severe and permanent physical injury, including the amputation of his right leg below the knee, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, and lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, DAVID HARGROVE, demands judgment against CROWN in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT IV (Negligence vs. Tomar)

20. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 19 and incorporates each as if fully set forth herein.

21. This count is for negligence and is brought by the plaintiff against Tomar.

22. Tomar was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and sale of the Micro IV Low Profile Single Flash Strobe ("Strobe"), and was negligent in providing the defective Strobe for use on the Reach Truck, and in its failure to warn the plaintiff and others of the dangers of working with or around the Reach Truck as equipped with the Strobe. Tomar failed to provide users of the Strobe with adequate safeguards, warnings and/or instructions.

23. As the direct and proximate result of Tomar's negligence, the plaintiff sustained severe and permanent physical injury, including the amputation of his right leg below the knee, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, DAVID HARGROVE, demands judgment against TOMAR, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

## COUNT V (Breach of Implied Warranty vs. Tomar)

24. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 23, and incorporates each as if fully set forth herein.

25. This Count is for Breach of Implied Warranty and is brought by the plaintiff against Tomar.

26. Tomar impliedly warranted to the plaintiff that the Strobe was merchantable, safe, and fit for ordinary purposes. Tomar is a merchant with respect to goods and materials of the kind involved in the accident. The Strobe and the warnings and instructions, if any, which accompanied it, were defective, and therefore the product was not, in fact, merchantable, safe, and fit as warranted by Tomar. Therefore, Tomar has breached these warranties to the plaintiff.

27. As the direct and proximate result of Tomar's breaches of the implied warranties which accompanied the Strobe, the plaintiff sustained severe and permanent physical injury, including the amputation of his right leg below the knee, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, and lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, DAVID HARGROVE, demands judgment against TOMAR in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

### COUNT VI (Breach of Express Warranties vs. Tomar)

28. The plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 27 and incorporates each as if fully set forth herein.

29. The Strobe, which was designed, manufactured, tested, and distributed by Tomar, came with express warranties.

30. Tomar breached the express warranties which accompanied the Strobe.

31. As a direct and proximate result of Tomar's breach of the express warranties which came with the Strobe, the plaintiff sustained severe and permanent physical injury, including the amputation of his right leg below the knee, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, and lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the plaintiff, DAVID HARGROVE, demands judgment against TOMAR in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

THE PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully submitted,

The plaintiff,
DAVID HARGROVE
By his Attorneys,

Richard J. Sullivan, Esq.
BBO #554085
Eugene F. Sullivan, Jr., Esq.
BBO #485720
Sullivan & Sullivan, LLP
83 Walnut Street
Wellesley, MA 02481
(781) 263-9400

Dated: May 12, 2014